JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAR -7 1983    3/7/83

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 542

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE MATTRESS INDUSTRY TRADEMARK AND ANTITRUST LITIGATION

ORDER DENYING TRANSFER

This litigation consists of the nine actions listed on the attached Schedule A and pending in three districts as follows: six actions in the Northern District of Illinois, two actions in the Southern District of California, and one action in the Central District of California. Presently before the Panel is a motion pursuant to 28 U.S.C. §1407 by Ohio-Sealy Mattress Manufacturing Company (Ohio Sealy) and its subsidiaries to centralize eight of the actions in a single forum for coordinated or consolidated pretrial proceedings.[1]

On the basis of the papers filed and the hearing held, we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. Six of the eight actions presently subject to Ohio-Sealy's Section 1407 motion involve disputes pitting Ohio-Sealy and/or its subsidiaries against Sealy, Inc., (Ohio-Sealy's licensor) and Sealy personnel and subsidiaries. These six actions consist of four Illinois actions, the Central District of California action, and the remaining Southern District of California action. The remaining two actions, each pending in the Northern District of Illinois, do not share significantly common questions with the six actions involving Sealy and Ohio-Sealy parties. One of these actions, Rowe Furniture Corp. v. Serta, Inc., does, like the six actions, include antitrust claims involving bedding products, but 1) the products at issue are not Sealy products; 2) because the plaintiff in this action is not a Serta licensee, there are no questions similar to those in the Sealy/Ohio-Sealy actions arising from the relationship of licensor to licensee; 3) all parties to the action oppose Section 1407 centralization, and none of these parties is a party to any other action in this docket; and 4) movants have failed to negate the

---

[1] The ninth action, Pacifica Mattress Co., etc. v. Ortho Mattress Company (Ortho), pending in the Southern District of California, was originally included in the schedule of actions subject to movants' Section 1407 motion. On February 22, 1983, movants (who include the plaintiff in Ortho) and the defendant in Ortho moved the Panel to approve and enter a stipulation pursuant to which the parties to Ortho agreed, inter alia, that Ortho not be transferred under Section 1407. We will treat this "Motion for Request of Entry of Stipulation" as a request by movants to withdraw their Section 1407 motion insofar as it applies to Ortho.

contentions of all parties in the action that there has not been nor will there be discovery in this action that is duplicative of discovery in the other actions in this docket. The other remaining Illinois action, <u>Sealy Mattress Company of Michigan, Inc. v. Sealy, Inc.</u>, is one in which Sealy is a defendant, but the action 1) is brought against Sealy by a licensee that is not related to Ohio-Sealy; 2) involves a claim not present in the other actions against Sealy -- the court in one of the Illinois actions brought by Ohio-Sealy dismissed for lack of standing a claim identical to the one involved in this action; and 3) has not been consolidated pursuant to local court rules with the other actions brought against Sealy in the Northern District of Illinois.

There remain for consideration the six actions involving Sealy and Ohio-Sealy parties. We recognize that these actions share some questions of fact but we are persuaded that this factor is outweighed by 1) the age and advanced stage of this litigation -- one of the actions subject to the present Section 1407 motion was filed in 1971, has been tried to a jury whose judgment has been affirmed on appeal, and now apparently only requires resolution of the question of attorneys' fees; and a second action has been pending for over six years; 2) the substantial identity of the parties in all actions, which enhances the possibility of voluntary cooperation among the parties and their counsel as an alternative to Section 1407 transfer; and 3) the granting of a 28 U.S.C. §1404(a) motion in the Southern District of California action to transfer certain common claims to the Northern District of Illinois, and the pendency of a similar motion in the Central District of California action, which increase the likelihood of minimizing duplication among the actions.

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to transfer the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

FOR THE PANEL:

*Andrew A. Caffrey*

---
Andrew A. Caffrey
Chairman

## SCHEDULE A

MDL-542 -- In re Mattress Industry Trademark and Antitrust Litigation

### Northern District of Illinois

Ohio-Sealy Mattress Mfg. Co., et al. v. Sealy, Inc., et al., C.A. No. 71C1243

Ohio-Sealy Mattress Mfg. Co., et al. v. Morris A. Kaplan, et al., C.A. No. 76C810

Ohio-Sealy Mattress Mfg. Co., et al. v. Louis C. Duncan, et al., C.A. No. 79C2741

Sealy Mattress Co. of Michigan, Inc. v. Sealy, Inc., C.A. No. 80C4676

Ohio-Sealy Mattress Mfg. Co., et al. v. Howard G. Haas, et al., C.A. No. 82C2488

Rowe Furniture Corp. v. Serta, Inc., et al., C.A. No. 82C4718

### Southern District of California

Pacifica Mattress Co., etc. v. Ortho Mattress, Inc., C.A. No. 82-1308-JLI(I)

Pacifica Mattress Co., etc. v. Sealy, Inc., et al., C.A. No. 82-1380-JLI-(H)

### Central District of California

Sealy, Inc. v. Easy Living, Inc., et al., C.A. No. CV82-4001-R